UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EDWARD E. GILLEN CO.<br>218 West Becher Street<br>Milwaukee, Wisconsin 53207<br><br>        Plaintiff,<br>v.<br><br>LIBERTY MUTUAL INSURANCE<br>COMPANY<br>175 Berkeley Street<br>Boston, Massachusetts 02116,<br><br>THE INSURANCE COMPANY OF THE<br>STATE OF PENNSYLVANIA<br>175 Water Street, Floor 18<br>New York, New York 10038-4976,<br><br>and<br><br>LEXINGTON INSURANCE COMPANY<br>100 Summer Street<br>Boston, MA 02110<br><br>        Defendants. | )<br>)<br>)<br>)  Case No. 10-C-564<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant The Insurance Company of the State of Pennsylvania ("ICSOP"), by its attorneys, Kasdorf, Lewis & Swietlik, S.C. and Sedgwick LLP, answers the Amended Complaint of plaintiff Edward E. Gillen Co. ("Gillen") against ICSOP as follows:

In response to the introductory paragraph contained on pages 1-2 of the Amended Complaint, it is not part of the factual allegations or claims, and asserts matters of law to which no response is required. To the extent a response is required, ICSOP denies the allegations.

## PARTIES

1. ICSOP lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 1 of the Amended Complaint.

2. ICSOP denies the allegations set forth in Paragraph 2 of the Amended Complaint as written, except admits that it is a Pennsylvania corporation with its principal place of business located at 175 Water Street, New York, New York 10038, and that it is licensed to and does transact business in the State of Wisconsin and is a member of the Chartis, Inc. group of insurance companies.

3. ICSOP lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 3 of the Amended Complaint.

## JURISDICTION AND VENUE

4. ICSOP admits that the Amended Complaint purports to state a claim for declaratory relief, but denies that plaintiff is entitled to any such relief as alleged in paragraph 4.

5. ICSOP admits the allegations set forth in paragraph 5 of the Amended Complaint upon information and belief.

6. ICSOP admits the allegations set forth in paragraph 6 of the Amended Complaint.

7. ICSOP admits the allegations set forth in paragraph 7 of the Amended Complaint.

## FACTS COMMON TO ALL CLAIMS

**A. The Policies**

8. ICSOP lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 8 of the Amended Complaint, except admits that Liberty Mutual Insurance Company ("Liberty") issued a primary commercial general

liability policy to Gillen (the "Liberty Policy"), and respectfully refers the Court to the Liberty Policy for a complete statement of its contents.

9. ICSOP denies the allegations set forth in Paragraph 9 of the Amended Complaint, and respectfully refers the Court to the Liberty Policy for a complete statement of its contents.

10. ICSOP denies the allegations set forth in Paragraph 10 of the Amended Complaint, except admits that it issued Excess Liability Policy No. 6062776 to Edward E. Gillen Company for the period from January 1, 2006 to January 1, 2007 (the "ICSOP Policy"), and respectfully refers the Court to the ICSOP Policy for a complete statement of its contents.

11. Paragraph 11 of the Amended Complaint asserts matters of law as to which no affirmative response is required. To the extent that the allegations contained in paragraph 11 are deemed to allege matters of fact, ICSOP denies the allegations, and respectfully refers the Court to the ICSOP Policy for a complete statement of its contents.

12. ICSOP lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 12 of the Amended Complaint.

13. ICSOP lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 13 of the Amended Complaint.

14. ICSOP lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 14 of the Amended Complaint.

15. ICSOP lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 15 of the Amended Complaint.

16. ICSOP lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 16 of the Amended Complaint.

### B. The Project and Related Claims

17. ICSOP lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 17 of the Amended Complaint.

18. ICSOP lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 18 of the Amended Complaint.

19. ICSOP lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 19 of the Amended Complaint.

20. Paragraph 20 of the Amended Complaint asserts matters of law as to which no affirmative response is required. To the extent that the allegations contained in paragraph 20 are deemed to allege matters of fact, ICSOP lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 20 of the Amended Complaint.

21. Paragraph 21 of the Amended Complaint asserts matters of law as to which no affirmative response is required. To the extent that the allegations contained in paragraph 21 are deemed to allege matters of fact, ICSOP lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 21 of the Amended Complaint.

22. ICSOP lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 22 of the Amended Complaint.

23. Paragraph 23 of the Amended Complaint asserts matters of law as to which no affirmative response is required. To the extent that the allegations contained in paragraph 23 are deemed to allege matters of fact, ICSOP lacks knowledge or information sufficient to form a

4

NY/700547v1

Case 2:10-cv-00564-RTR   Filed 05/17/11   Page 4 of 12   Document 88

belief as to the truth of each and every allegation contained in paragraph 23, except admits that Gillen informed ICSOP of the underlying claims by Bulley & Andrews and the Korndorfs.

24. ICSOP lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 24 of the Amended Complaint, except admits that Liberty hired defense counsel to represent Gillen in the investigation of the underlying claims by Bulley & Andrews and the Korndorfs.

25. ICSOP lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 25 of the Amended Complaint.

26. ICSOP lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 26 of the Amended Complaint, except admits that ICSOP issued a disclaimer and reservation of rights on March 9, 2010.

27. Paragraph 27 of the Amended Complaint asserts matters of law as to which no affirmative response is required. To the extent that the allegations contained in paragraph 27 are deemed to allege matters of fact, ICSOP denies the allegations set forth in paragraph 27 of the Amended Complaint as they pertain to ICSOP, and lacks knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained therein.

28. Paragraph 28 of the Amended Complaint asserts matters of law as to which no affirmative response is required. To the extent that the allegations contained in paragraph 28 are deemed to allege matters of fact, ICSOP denies the allegations set forth in paragraph 28 of the Amended Complaint as they pertain to ICSOP, and lacks knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained therein.

29. ICSOP denies the allegations set forth in paragraph 29 of the Amended Complaint.

30.     ICSOP lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 30 of the Amended Complaint.

31.     ICSOP lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 31 of the Amended Complaint.

32.     ICSOP denies the allegations set forth in paragraph 32 of the Amended Complaint as they pertain to ICSOP, except that it admits it did not have direct contact with Bulley & Andrews, and lacks knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained therein.

33.     ICSOP lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 33 of the Amended Complaint.

34.     ICSOP lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 34 of the Amended Complaint, except admits that Gillen has demanded that ICSOP indemnify Gillen for the underlying arbitration award.

35.     ICSOP lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 35 of the Amended Complaint.

36.     ICSOP denies the allegations set forth in paragraph 36 of the Amended Complaint, except admits that it has declined to indemnify Gillen for the underlying arbitration award.

37.     ICSOP lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 37 of the Amended Complaint.

## CLAIM I

## DECLARATORY JUDGMENT

38. In response to paragraph 38 of the Complaint, ICSOP repeats, reiterates and realleges each and every response to the allegations contained in paragraphs 1 through 37, inclusive of the Amended Complaint with the same force and effect as if fully set forth herein.

39. Paragraph 39 of the Amended Complaint asserts matters of law as to which no affirmative response is required. To the extent that the allegations contained in paragraph 39 are deemed to allege matters of fact, ICSOP respectfully refers the Court to the ICSOP Policy for a complete statement of its contents, and lacks knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained therein.

40. Paragraph 40 of the Amended Complaint asserts matters of law as to which no affirmative response is required. To the extent that the allegations contained in paragraph 40 are deemed to allege matters of fact, ICSOP denies the allegations as they pertain to ICSOP, and lacks knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained therein.

## CLAIM II

## BAD FAITH

41. In response to paragraph 41 of the Complaint, ICSOP repeats, reiterates and realleges each and every response to the allegations contained in paragraphs 1 through 40, inclusive of the Amended Complaint with the same force and effect as if fully set forth herein.

42. Claim II – Bad Faith was dismissed by the Court on May 3, 2011. To the extent a response is required, ICSOP denies the allegations set forth in paragraph 42 of the Amended Complaint as they pertain to ICSOP.

43. Claim II – Bad Faith was dismissed by the Court on May 3, 2011. To the extent a response is required, ICSOP denies the allegations set forth in paragraph 43 of the Amended Complaint as they pertain to ICSOP.

44. Claim II – Bad Faith was dismissed by the Court on May 3, 2011. To the extent a response is required, ICSOP denies the allegations set forth in paragraph 44 of the Amended Complaint as they pertain to ICSOP.

45. Claim II – Bad Faith was dismissed by the Court on May 3, 2011. To the extent a response is required, ICSOP denies the allegations set forth in paragraph 45 of the Amended Complaint as they pertain to ICSOP.

46. Claim II – Bad Faith was dismissed by the Court on May 3, 2011. To the extent a response is required, ICSOP denies the allegations set forth in paragraph 46 of the Amended Complaint as they pertain to ICSOP.

47. Claim II – Bad Faith was dismissed by the Court on May 3, 2011. To the extent a response is required, ICSOP denies the allegations set forth in paragraph 47 of the Amended Complaint as they pertain to ICSOP.

48. Claim II – Bad Faith was dismissed by the Court on May 3, 2011. To the extent a response is required, ICSOP denies the allegations set forth in paragraph 48 of the Amended Complaint as they pertain to ICSOP.

49. Claim II – Bad Faith was dismissed by the Court on May 3, 2011. To the extent a response is required, ICSOP denies the allegations set forth in paragraph 49 of the Amended Complaint as they pertain to ICSOP.

50. Claim II – Bad Faith was dismissed by the Court on May 3, 2011. To the extent a response is required, ICSOP denies the allegations set forth in paragraph 50 of the Amended Complaint as they pertain to ICSOP.

51. Claim II – Bad Faith was dismissed by the Court on May 3, 2011. To the extent a response is required, ICSOP denies the allegations set forth in paragraph 51 of the Amended Complaint as they pertain to ICSOP.

52. Claim II – Bad Faith was dismissed by the Court on May 3, 2011. To the extent a response is required, ICSOP denies the allegations set forth in paragraph 52 of the Amended Complaint as they pertain to ICSOP.

## CLAIM III

## BREACH OF CONTRACT

53. In response to paragraph 53 of the Complaint, ICSOP repeats, reiterates and realleges each and every response to the allegations contained in paragraphs 1 through 52, inclusive of the Amended Complaint with the same force and effect as if fully set forth herein.

54. ICSOP admits the allegations contained in paragraph 54 of the Amended Complaint.

55. ICSOP lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 55 of the Amended Complaint.

56. Paragraph 56 of the Amended Complaint asserts matters of law as to which no affirmative response is required. To the extent that the allegations contained in paragraph 56 are deemed to allege matters of fact, ICSOP denies the allegations set forth in paragraph 56 of the Amended Complaint as they pertain to ICSOP, and lacks knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Amended Complaint, and each cause of action alleged therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Upon information and belief, Plaintiff has not been found liable for covered damages in excess of the "Ultimate Net Loss" as that term is defined under the ICSOP Policy.

### THIRD AFFIRMATIVE DEFENSE

3. Coverage for the underlying claim is precluded by Exclusion (m) in Commercial General Liability Policy No. TB1-141-434242-026 issued by Liberty (the "Liberty Policy"), which precludes coverage for "property damage" to "impaired property" or property that has not been physically injured, arising out of: (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms. Exclusion (m) further provides that "This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to 'your product' or 'your work' after it has been intended to its intended use."

### FOURTH AFFIRMATIVE DEFENSE

4. Coverage for the underlying claim is precluded by Exclusion j(6) in the Liberty Policy, which precludes coverage for "property damage" to "That particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it."

### FIFTH AFFIRMATIVE DEFENSE

5. Coverage for the underlying claim is precluded by the endorsement entitled Exclusion – Engineers, Architects or Surveyors Professional Liability in the Liberty Policy, which precludes coverage for "property damage … arising out of the rendering or failure to render any professional services by you or any engineer, architect or surveyor who is either employed by you or performing work on your behalf in such capacity. Professional services include: 1. The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; and 2. Supervisory, inspection, architectural or engineering activities."

## SIXTH AFFIRMATIVE DEFENSE

6. If other valid and collectible insurance applies to a loss that is also covered by the ICSOP Policy, the ICSOP Policy will apply excess of the other insurance.

## SEVENTH AFFIRMATIVE DEFENSE

7. The ICSOP Policy provides in pertinent part as follows: "We will not be obligated to assume charge of the investigation, settlement or defense of any claim made, suit brought or proceeding instituted against the insured."

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims may be barred in whole or in part by its failure to mitigate, minimize or avoid the alleged injuries for which they are answerable.

## NINTH AFFIRMATIVE DEFENSE

9. To the extent not raised by any other denial or affirmative defense, coverage for the underlying claim is precluded or limited in whole or in part by reason of the terms, conditions, limits of liability, and exclusions in the ICSOP Policy.

## TENTH AFFIRMATIVE DEFENSE

10. The Amended Complaint fails to allege the circumstances relating to the claims asserted therein with sufficient particularity to enable ICSOP to determine whether it may have additional defenses in the action with respect to the claims made under the ICSOP Policy, and ICSOP reserves the right to assert such additional defenses as are ascertained through discovery.

## PRAYER FOR RELIEF

Wherefore, ICSOP prays as follows:

1. For a judgment dismissing the Amended Complaint against it in its entirety;

2. For a judgment declaring that ICSOP has no obligation to defend, pay defense costs, or indemnify Plaintiff with respect to the Arbitration;

3. For an award of the attorney fees and costs incurred by ICSOP in this action; and

4. For such other and further relief as the Court deems just and equitable.

Dated: May 17, 2011    KASDORF, LEWIS & SWIETLIK, S.C.

By:    /s/ James J. Kriva
James J. Kriva 1018408
jkriva@kasdorf.com
11270 W. Park Pl.
One Park Plaza, 5th Floor
Milwaukee, WI 53224
Telephone: (414) 577-4075
Facsimile: (414) 577-4400

SEDGWICK LLP
Andrew T. Houghton
Timothy D. Kevane
125 Broad Street, 39th Floor
New York, NY 10004
Telephone: (212) 422-0202
Facsimile: (212) 422-0925

ATTORNEYS FOR THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA