# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EDWARD E. GILLEN CO.,**

        Plaintiff,

   -vs-                                   Case No. 10-C-564

**THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA and
LEXINGTON INSURANCE COMPANY,**

        Defendants.

## DECISION AND ORDER

      This insurance coverage dispute relates to the construction of a school building for the Latin School of Chicago. The plaintiff, Edward E. Gillen Company ("Gillen"), was hired to design and install an earth retention system to stabilize the ground for construction. On May 2, 2006, a home located adjacent to the project site sustained damage, and the project was delayed, ultimately resulting in an adverse arbitration award against Gillen in excess of $2 million dollars. Gillen's primary liability insurer, Liberty Mutual Insurance Company ("Liberty Mutual"), paid its policy limit of one million dollars. As a result, the Court found that Liberty Mutual owes "no further duty to defend or indemnify Gillen in relation to any claims arising out of the underlying incident." May 3, 2011 Decision and Order; 2011 WL 1694431, at *1. Gillen is pursuing the balance of the award from its excess liability insurer, The Insurance Company of the State of Pennsylvania ("ICSOP"), and its professional liability insurer, Lexington Insurance Company.

Now before the Court is Lexington's motion for summary judgment, filed on April 23, 2012. On May 18, counsel for Gillen moved to withdraw and to stay Gillen's deadline to respond to Lexington's motion. The Court granted these motions and allowed Gillen 45 days from the date of its new counsel's appearance to file a response. Gillen's new counsel filed an appearance on August 17, and instead of opposing Lexington's motion, Gillen filed a motion for an order directing ICSOP to respond to Lexington's motion. In the briefing that flowed from Gillen's motion, Gillen and ICSOP explain that they do not oppose Lexington's motion for summary judgment, although Gillen argues that if the Court allows discovery on Gillen's coverage dispute with ICSOP, the Court should also wait to decide Lexington's motion until the close of discovery to avoid the risk of inconsistent rulings.

Lexington argues it is entitled to summary judgment because the arbitration award did not arise from "professional services," defined in its policy as "those services that the Insured is legally qualified to perform for others in their capacity as an architect . . . [or] engineer . . ." Accordingly, Gillen argues that ICSOP should respond to Lexington's motion or be precluded from arguing the applicability of its own policy exclusion for "property damage . . . arising out of the rendering or failure to render any professional services by you . . ." Gillen is free to argue, at some point in the future, that ICSOP is somehow precluded from raising the "professional services" exclusion in its policy. For now, the posture of this case is that Lexington's motion for summary judgment is completely unopposed. The strategic reasons behind the failure to confront this motion is not the Court's concern; the Court cannot force ICSOP to oppose Lexington's motion. Moreover, there is little to no risk of

-2-

Case 2:10-cv-00564-RTR   Filed 11/20/12   Page 2 of 4   Document 147

inconsistent rulings because the Lexington policy has a narrower definition of "professional services," suggesting that issue preclusion (or collateral estoppel) would not apply in the first instance.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Gillen's motion for leave to file a reply brief [ECF No. 138] is **GRANTED**;

2. Gillen's motion to compel ICSOP to respond to Lexington's motion for summary judgment [ECF No. 135] is **DENIED**;

3. Lexington's motion for summary judgment [ECF No. 121] is **GRANTED**. Lexington has no duty to indemnify Gillen in connection with the arbitration award entered on May 17, 2010, in favor of The Meyne Company;

4. Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **January 23, 2013** at **9:30 a.m.** (Central Time). Please be available at that time. The Court will initiate the call. The remaining parties in this case (Gillen and ICSOP) are expected to participate.

5. The purpose of the conference call is to establish a scheduling order which will limit the time: (a) to join other parties and to amend the pleadings; (b) to file motions; (c) to complete discovery;

6. The scheduling order may also: (a) modify the timing for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted; (b) provide for the disclosure or discovery of electronically stored information; (c) include any agreements the

parties reach for asserting claims of privilege or protection as trial preparation material after information is produced; (d) the date or dates for conferences before trial, a final pretrial conference, and trial; and (e) any other matters appropriate in the circumstances of the case;

7. The time limitations set forth in the scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4);

8. The parties should be prepared to discuss the matters listed in Civil Local Rule 16(a)(1). Please refer to Attachment A. Special attention should also be given to Rule 26(f)(1), which requires the parties to conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone. Rules 26(f)(2) and (3) mandate that the parties, within fourteen (14) days of their conference: (a) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (b) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in Rules 26(f)(2) and (3), the Court requests that the proposed discovery plan submitted by the parties include one or two sentences stating the nature of the case;

9. The written report must include the telephone numbers where the parties can be reached for this call.

Dated at Milwaukee, Wisconsin, this 20th day of November, 2012.

BY THE COURT

_____
HON. RUDOLPH T. RANDA
U.S. District Judge

-4-

Case 2:10-cv-00564-RTR    Filed 11/20/12    Page 4 of 4    Document 147